■ CIBRO PETROLEUM PRODUCTS, INC., Respondent, v RODERICK G. W. CHU, as Commissioner of the New York State Department of Taxation and Finance and as President of the New York State Tax Commission, Appellant. — Levine, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered October 12, 1984 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment and declared that the application of Tax Law article 13-A to plaintiff's sale of military jet·fuel to the Federal Government violated the commerce clause of the US Constitution.

The facts of this case·are undisputed. Plaintiff operates an oil refinery located at the Port of Albany. As part of its business, it refines jet fuel for United States military aircraft. Plaintiff is the only refinery for this product in this State, although there are other such refineries in other States with whom it competes for this business. Under Tax Law § 301 (a), a "petroleum business" is taxed, for the privilege of doing business in this State, the sum of 3¼% of its gross receipts from sales of petroleum where shipments are made to points within the State. All of the

arrangements for the sale of the jet fuel to the Federal Government, whether by plaintiff or its out-of-State competitors, provide for delivery to the Government at the refinery, after which Government vehicles transport the fuel to its ultimate destination at various military airfields within and without the State. Since taxation under the statute is dependent on the point of delivery to the purchaser, the result of this uniform delivery arrangement is that plaintiff's sales in Albany are subject to the tax while its competitors' sales of the same fuel, delivered to the Government at the competitors' out-of-State refineries, are not. Plaintiff commenced this suit to declare that Tax Law § 301 (a), as applied to it, is unconstitutional or inapplicable to the foregoing transactions on various grounds. Special Term granted plaintiff's motion for summary judgment and denied defendant's cross motion for the same, holding that the statute unconstitutionally discriminated against interstate commerce.

We reverse. Under a long line of United States Supreme Court decisions, before a State tax can be held to violate the commerce clause (US Const, art I, § 8 [3]) on discrimination grounds, it must be shown that it is discriminatory in favor of local business entities in purpose or effect (*Bacchus Imports v Dias,* 468 US __, __, 104 S Ct 3049, 3055; *Maryland v Louisiana,* 451 US 725; *Hunt v Washington Apple Adv. Commn.,* 432 US 333). Plaintiff has not cited any evidence that the purpose of the statute was to discourage or otherwise penalize interstate petroleum suppliers, and the legislative history and wording of the statute itself clearly dispel such a purpose. As to the claimed discriminatory effect of Tax Law § 301 (a), both Special Term and plaintiff agree that what is objectionable is not the statute's favored treatment of local petroleum businesses, but exactly the opposite, i.e., that in its effect, the statute singles out plaintiff, a domestic supplier, for unfavorable tax treatment as against its foreign competitors. Such effect is constitutionally neutral.

The case of *Boston Stock Exch. v State Tax Commn.* (429 US 318), relied upon by plaintiff as establishing the illegality of a heavier tax imposed on residents, is completely distinguishable. In that case, New York imposed a tax on securities transactions at a higher rate and with a greater maximum limit upon both residents and nonresidents if the transactions were made through a foreign rather than a domestic stock exchange. It was that anticompetitive effect of the tax differential upon the foreign exchanges which rendered the tax unconstitutional in the *Boston Stock Exchange* case. Since plaintiff's competitors deliver the fuel in question to the purchaser at their out-of-State refineries, they engaged in no business in New York which could

make them subject to this State's taxing power (see, *Tigner v Texas,* 310 US 141, 146-147). In contrast, plaintiff's conceded business activities in New York clearly provide a nexus upon which the tax may be imposed, and the tax itself is fairly related to State governmental services provided plaintiff in the course of doing business in this State. The tax itself is fairly apportioned to intrastate activities, since its incidence is dependent upon delivery to the purchaser in New York. Therefore, the tax was constitutionally imposed, irrespective of whether the transportation of the fuel itself from its originating point to its ultimate destination entails crossing State borders (see, *Complete Auto Tr. v Brady,* 430 US 274, 279).

Order reversed, on the law, with costs, motion denied and cross motion granted, and it is declared that the application of Tax Law article 13-A to plaintiff's sale of military jet fuel to the Federal Government is not unconstitutional. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.